By the Court,

Houston, J.:

This case must be reversed; although we must take occasion, in the first place, to remark, that the causes of error assigned appear to us to involve some uncertainty and confusion of ideas as to the true meaning and. construction of the act in question. The proceeding below in this case, was evidently under the second section of the statute, which, by express terms, applies only to such free negroes and mulattoes as were not residing in the State at the time when the Revised Code went into effect. And not only is this construction demanded by the literal and obvious import of the terms used, but it is also apparent, from the words employed in the first section, that the Legislature intended to recognize and make a distinction between such free negroes and mulattoes as were then residing in the State, and such as *206 were not: and. notwithstanding it saw proper to provide in the first section that, if any individual, of the former class—that is to say, if “ any resident free negro or mulatto should voluntarily leave the State for sixty days, he should be deemed a non-resident, unless he was a mariner or waterman engaged in that occupation, or was absent as a wagoner or messenger, in the actual employment of a citizen of the State,” it does not appear, from anything expressed or implied in the whole chapter, that it intended to go beyond the forfeiture of his residence imposed in such a ease, or designed to inflict upon such as then resided in the State, in any event, the penalties provided in the second section against such as were not then residing in the State, and who should thereafter come into it contrary to the provisions of that section. And this distinction, we think, is rendered the more manifest by the preceding words contained in the first section, that “ no free negro or free mulatto, not now lawfully resident in this State, can gain a legal residence,” which further serves to show that the Legislature intended to distinguish between such as were then resident -and such as were not then residing . in the State.
But be this as it may, so far as the construction of the first section is concerned, it is clear that we cannot go beyond the express terms used in the second section of the statute, under which the proceeding was had, and which could only have arisen under that section, because the remedy provided for and resorted to in this case applies to no other section. It is also a statutory provision of a penal character, and for this reason requires a strict construction.
The words of the second section are, “ no free negro, or free mulatto, not now residing in this State,- shall hereafter come into the State, unless it be temporarily, as the servant of a non-resident, or a seaman in connection with a vessel trading with or bound to some jbort of the State, or unless he comes from the adjoining State of Maryland for trade, or other necessary and temporary purpose, under penalty of fifty dollars;” and it then goes on to provide that if a *207 “ non-resident” free negro or mulatto shall come into the State, contrary to the provisions of “ this section,” it shall he the duty of any justice of the peace receiving information of the fact to proceed as was done in the present case. But, as we have already stated, this section, hy its express terms, applies only to such as were not then residing in the State at the time of the passage of the act, or when the Code was to take effect, and does not include such as were then residing in it; on the contrary, the latter class are altogether out of the operation of it, and this section has no relation whatever to them.
But, it may be asked, was not this a matter of defence to come from the other side below ? and if the defendant was residing ih the State at the time of the passage of the act, but had since been residing out of it, and had but recently again come into it, was it not incumbent upon him to prove that fact on the trial below, which would have clearly entitled him to an acquittal ? But, as he had been condemned, would not this Court now intend and presume in favor of the record sent up, that the facts proved below were otherwise, and that he had' been lawfully convicted on that trial-? To this, however, we answer no; because, in a proceeding like this, and upon a statute worded as this is, it is necessary that it should affirmatively appear, both in the information on which the justice acted,* and in the adjudication or conviction itself, that the defendant was not residing in this State at the time when the statute was passed; for, if he was residing in the State at that time, the. case was not within the jurisdiction of the justice, and he was entirely exempt from the operation and the penalty of the. second section of the statute; and as the exemption or exclusion occurs, if such was the case, in the very first line of the second section, by force of the words, “ not now residing” in this State, which, of course, excepts by necessary construction, such free negroes and mulatto es as then were residing in the State, it was necessary that the information and the adjudication should have both négatived in express terms that as well as the other qualifica *208 tians or exceptions embraced in the second section, and should have alleged that he was not residing in the State at that time. 1 Saund. 262, note 1. For convictions like these ought to be certain, and cannot be aided or assisted by legal intendment, or by inference of the Court. Rex v. Fuller, 2 Lord Raym. 510. And they must also be taken strictly. Rex v. Little, 1 Burr. 613. And this remark is not limited merely to the implied exception which we have just noted, but applies with equal, if not greater force, to the other exceptions expressly stated in the first paragraph of the second section; for it was equally necessary that both the information and the conviction should have negatived those qualifications, or exceptions also, or should have expressly stated that the defendant not only did not reside in the State at the time of the passage of the statute, but also that he did not come into it temporarily as the servant of a non-resident, or as a seaman in connection with a vessel trading with or bound to some port of the State, or from the State of Maryland for trade, or other necessary and temporary purpose,—the general rule of pleading upon statutes being that, where the exception or qualification occurs in the enacting clause, or in the same section, or in a preceding section of the statute, or in a preceding statute, the plaintiff must negative it—that is, he must show that the defendant is not within the exception; but where the exemption is contained in a proviso, in a subsequent section or statute, it is matter of defence to come from the other side, and therefore it is not necessary to state in the conviction that the defendant is not within such exception or proviso. 1 Saund. 262, note 1; 1 Ch. Pl. 229.
But, according to the record before us, both the information and conviction are entirely deficient in all these respects, and the case below is therefore reversed.